**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

ENLITIC, INC.,

    Plaintiff,

v.                                    C.A. No. 1:23-cv-00607-DOD-SKG

JAMES MICHAEL CONYERS,

    Defendant.

_____

**PLAINTIFF'S MOTION FOR EXTENSION OF TIME**
**TO FILE EXPERT DESIGNATIONS**
_____

Pursuant to D.C.COLO.LCivR 6.1 and Fed.R.Civ.P. 16(b)(4), Plaintiff, Enlitic, Inc. ("Enlitic" or "Plaintiff"), by and through its undersigned attorneys, hereby submits its Motion to for Extension of Time to File Expert Designations and, as grounds therefore, states as follows:

1.     The parties have conferred regarding the relief requested by Plaintiff; Defendant Mr. Conyers ("Mr. Conyers" or "Defendant") objects to the relief sought.

2.     The present case was filed Plaintiff on March 8, 2023. It is an action by Enlitic, a global healthcare information technology company, against its former Chief Executive Officer for misappropriating its trade secrets and breaching his Confidential Information and Invention Assignment Agreement.

3.     On March 10, 2023, this Court entered a Temporary Restraining Order [Doc. No. 14] enjoining Defendant from using, disclosing or sharing, etc. Plaintiff's confidential, proprietary, or trade-secret information.

4.  On March 15, 2023, the parties jointly filed a Motion for Order Granting Preliminary Injunction and Permitting Expedited Discovery [Doc. No. 17] on the same terms as the Temporary Restraining Order.

5.  As part of this Joint Motion, Defendant agreed to submit for forensic examination by a licensed forensic examiner (i) all computing devices (including computers, telephones, and tablets), (ii) storage devices (such as hard drives and thumb drives) and cloud-based storage accounts, (iii) email, text, or instant messaging accounts, and (iv) all cloud-based SaaS, applications, or storage accounts that Defendant or any agent of Defendant created or accessed to store or manipulate Plaintiff's confidential, proprietary, or trade-secret information or to prepare to compete with Plaintiff, and allow the permanent removal of any of Plaintiff's confidential, proprietary, or trade-secret information that is discovered therein.

6.  This Court issued its Order Granting Preliminary Injunction and Permitting Expedited Discovery on March 17, 2023 [Doc. No. 21].

7.  On June 12, 2023, this Court entered the Scheduling Order [Doc. 32] in this matter.

8.  Pursuant to the Scheduling Order [Doc. 32], the existing deadlines pertinent to this motion are:

> Designation of Experts:            October 10, 2023
>
> Designation of Rebuttal Experts:   November 10, 2023

9.  This case has not been set for a jury trial.

10. A Scheduling Order may be modified upon good cause with the Court's consent. Fed.R.Civ.P. 16(b)(4).

11. For good cause, Plaintiff would show three grounds exist for the present Motion. First, on or about September 28, 2023, Plaintiff's expert discovered a number of undisclosed USB drives that were plugged into Mr. Conyers' company computers within the several months prior to

his separation from employment, including two USB "thumb" drives and a "Mass Storage" storage device.

12. The undersigned reached out to Plaintiff's counsel on September 29, October 2 and 3, 2023 in an effort to locate these undisclosed USB drives. Although counsel for Mr. Conyers indicated that Mr. Conyers initially denied that these devices were his, efforts are ongoing to confirm this representation.

13. These drives are essential for Plaintiff's expert to see in determining what further confidential, proprietary, or trade secret information may have been downloaded, or otherwise misappropriated. Thus, additional time is needed to enable Mr. Conyers to confirm he is not in possession of these devices and, if so, that appropriate sworn assurances from Mr. Conyers can be obtained to that effect. If the devices are located, additional time is needed to examine their contents.

14. Second, Enlitic has experienced difficulty in accessing the contents on one of the devices that was voluntarily provided by Mr. Conyers for forensic examination. As background, the Declarations of Trent Walton [Doc. No. 5] and Thea Moeller [Doc. No. 8] in Support of Enlitic's Motion for Temporary Restraining Order, confirm that Enlitic had recovered for forensic examination Mr. Conyers' 4 TB Network Attached MyCloud Storage Device ("External Hard Drive") that had been placed under a former employee's desk, powered on with an active network connection, and that had been running continuously since December 22, 2022.

15. Enlitic's expert has experienced difficulty and delay in accessing the contents of the External Hard Drive, because it was feared that, simply linking it to the internet and using a password provided by Mr. Conyers may have triggered automatic commands to delete some or all of the data contained on the hard drive. Only recently was Enlitic's expert able to finally access the

data on the External Hard Drive via unconnected means. Additional time is needed for further analysis of the External Hard Drive.

16.  Third and finally, Enlitic is awaiting voluntary supplementation by Mr. Conyers of his discovery responses to Enlitic. After initially taking Mr. Conyers' deposition of Plaintiff on April 4, 2023, Enlitic propounded interrogatories, requests for production and requests for admissions on Defendant on September 19, 2023.

17.  Following a conferral call on September 27, 2023, Mr. Conyers has agreed to supplement his discovery responses by Monday, October 11, 2023. Several of these discovery requests to be supplemented may provide important information for Enlitic's expert to adequately prepare his report.[1]

18.  By his Motion, Plaintiff requests a two-week extension of the current deadlines for designation of experts and rebuttal experts:

Designation of Experts:            October 24, 2023

Designation of Rebuttal Experts:   November 27, 2023

19.  For the foregoing reasons, Plaintiff respectfully requests the above extensions regarding the expert designation deadlines to allow for additional time for Mr. Conyers to locate the above referenced undisclosed USB drives, to allow for complete analysis of the External Hard Drive, and to allow for written discovery to by supplemented by Mr. Conyers.

Pursuant to D.C.COLO.LCivR 6.1(b), the undersigned advises that this is the first request for extension requested. Pursuant to D.C.COLO.LCivR 6.1 (c), the undersigned is contemporaneously serving the present Motion for Extension of Time on his client.

---

[1] These discovery requests include provision of the versions of the website for clinicalconvergence.guru (Rogs 8 and 9), whether any member of Mr. Conyers' family deleted his browser history for Chrome, Edge, or other internet browser (Rog 15), explaining the process of creating ReacticAI.com, including when it was purchased, who owned it, when it was created, when it was live, when it went inactive, and why it went inactive (Rog 16), events occurring in Poland (Rog 20), communications with Paul Kelly (RFP 11), and diaries, journals, logs, etc. for the year prior to and succeeding Mr. Conyers' employment (RFP 12).

- 5 -

WHEREFORE, Defendant requests an extension of the deadlines in the Scheduling Order as stated above: Designation of Experts on October 24, 2023 and Designation of Rebuttal Experts on November 27, 2023.

Dated this 5th day of October, 2023

Respectfully submitted,

By: Respectfully submitted,

*/s/ C. Dean Herms, Jr.*
C. Dean Herms, Jr. #40698
HERMS & CULLERS LLC
3600 S. College Ave., Suite 204
Fort Collins, CO 80525
Phone: 970-498-9999
Email: dean@hhlawoffice.com

*Attorney for Plaintiff Enlitic, Inc*

## CERTIFICATE OF SERVICE

I hereby certify that on this October 5, 2023, I electronically filed and serve a true and correct copy of the foregoing via email:

Thomas G. Pasternak
Akerman LLP
71 S. Wacker Drive, 46th Floor
Chicago, IL 60606
Phone: 312/634-5700
Fax: 312/424-1900
Email: thomas.pasternak@akerman.com
*Attorneys for Defendant James Michael Conyers*

*/s/ C. Dean Herms, Jr.*
C. Dean Herms, Jr.